IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINCENT ALEXANDER GREEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:20-CV-563-P |
| | § | |
| FEDERAL BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

This is a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 by Petitioner, Vincent Alexander Green, a federal prisoner, against the Federal Bureau of Prisons, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Petitioner is serving a 180-month term of imprisonment for his 2017 conviction for possession of a firearm by a felon in the United States District Court for the Southern District of Georgia. *See* J., United States v. Green, PACER, U.S. Party/Case Index, Criminal Docket for # 4:16-cr-00059-LGW-CLR-1, ECF No. 56. In this skeletal § 2241 petition, Petitioner complains of "excessive administrative detention" and "excessive mental distress" resulting from placement on suicide prevention on several occasions. Pet. 5, ECF No. 1. He seeks release to the general population or transfer to the designated institution in the judgment in

his criminal case and monetary damages for "the violation on [his] 8th Amendment." *Id.* at 7.

## II. DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

A petition for habeas relief is the proper procedural vehicle when challenging the fact or duration of an inmate's incarceration which would result in an accelerated release from illegal confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Conversely, the Fifth Circuit holds that habeas petitions are not the proper procedural vehicle when challenging the conditions of an inmate's confinement, which, in this case, include continued housing in administrative segregation and placement on suicide prevention. *Id.* at 499; *Schipke v. Van Buren,* 239 Fed. App'x 85, 2007 WL 2491065, at *1 (5th Cir. Aug. 30, 2007). Instead, challenges to the conditions of confinement by federal inmates, whether an inmate seeks monetary damages or injunctive relief, must be brought in a civil-rights complaint under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), on the appropriate civil

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

complaint form against the responsible officials. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).

Therefore, taken at face value, the petition relating to the conditions of Petitioner's confinement is not cognizable on habeas review, and the petition should be dismissed for lack of jurisdiction.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 3rd day of June, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE